UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>HENRY ATENCIO, et al.,<br><br>                    Defendants. | Case No. 1:22-cv-00346-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

On August 8, 2022 (mailbox rule), the Complaint of Plaintiff Kent Williams was conditionally filed by the Clerk of Court due to Plaintiff's status as a prisoner and pauper. Dkts. 3, 1. All conditionally-filed prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that one or more amended complaints will be required.

## REVIEW OF COMPLAINT

### 1.  Discussion

Plaintiff alleges that, for the past six years, his constitutional rights have been violated in the Idaho Department of Correction (IDOC) system. It appears that about the first 90 paragraphs of Plaintiff's claims may have occurred before the statute of limitations period. In addition, Plaintiff has sued the IDOC as a "municipal entity"; it is, in fact, a state entity and is not amenable to suit under 42 U.S.C. § 1983.[1] For reasons of judicial efficiency, Plaintiff will be required to file two amended complaints in this action. The first should address all claims that were exhausted in the prison grievance system before August 8, 2020, and the second should address all claims that were exhausted on or after August 8, 2020. The IDOC should not be included as a defendant in either amended complaint.

### 2.  Standards of Law Governing Timeliness

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho

---

[1] The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The IDOC is a state entity; therefore, Plaintiff should omit the IDOC as a defendant from any amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Code § 5-219, providing for a two-year statute of limitations for personal injuries,

governs federal civil rights actions arising in Idaho.

Although the Court relies upon the state statute of limitations to determine the

time for filing a claim, the Court uses federal law to determine when a claim accrues.

*Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has

determined that a claim accrues when the plaintiff knows, or should know, of the injury

that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.

1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his

injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A

claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a

legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th

Cir. 2008). The statute of limitations is tolled while the inmate exhausts administrative

grievance procedures pursuant to the Prison Litigation Reform Act (PLRA). *Brown v.

Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

If a claimant cannot show that his claim accrued during the statute of limitation

period, he still may file a lawsuit beyond the statute of limitation deadline if he can show

that his statute of limitation should have been tolled (or stopped) for a certain period of

time during the deadline period within which he should have filed the lawsuit. In a civil

rights case such as this, state tolling provisions apply unless important federal policy will

be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65

(1975).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

Another option to address untimeliness is the theory of equitable estoppel, which "does not 'extend' a statute of limitation"; rather, it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc*., 887 P.2d 1039, 1041 (Idaho 1994).

Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id*. at 1041.

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted. *See Belanus v. Clark*, 796 F.3d 1021,1030 (9th Cir. 2015). However, a complaint should not be

dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### 3. Instructions for Amendment

Plaintiff will be required to file two amended complaints. The first should be titled, "Amended Complaint: Claims that were exhausted[2] in the prison grievance system before August 8, 2020." In that amended complaint, Plaintiff should provide factual allegations supporting his claims and any equitable tolling or estoppel arguments associated with those claims. If Plaintiff is relying on grievances to support any of his timeliness arguments, those grievances should be attached to, or the content explained (if grievances are not available), with his filing.

The second amended complaint should be titled "Amended Complaint: Claims that accrued or were exhausted on or after August 8, 2020." Only those Defendants associated with such claims should be included in that amended complaint. Upon its review of Plaintiff's new filings, the Court may sever the two amended complaints into different lawsuits.

---

[2] "Exhausted" in this context means (1) that the grievance was processed through the established prison grievance system and was concluded according to prison grievance policies, or (2) that prison officials stopped Plaintiff's grievance and that the grievance process was therefore unavailable after that point. *See Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (holding that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA"). Either situation will require documentation and/or a written explanation to aid the Court in the timeliness analysis.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Seal Complaint (Dkt. 4) is GRANTED. The Clerk of Court shall seal the Complaint filed at Dkt. 3. Any other document that Plaintiff files that contains his private mental health information and that Plaintiff desires to be sealed for privacy reasons must include the word "FILED UNDER SEALED" above the document's title in the case caption, and the Clerk of Court will seal it upon filing. The Court may later determine that the document should be unsealed.

2. Plaintiff's Motion for a Copy of Plaintiff's § 1983 Complaint (Dkt. 5) is GRANTED. The Clerk of Court shall provide Plaintiff with a copy of Docket No. 3. Hereafter, Plaintiff must use the e-filing service available at the prison. This means that he does not need a copy of any filing for his own records because the receipt of the original is documented by the IDOC and the original is returned to him through the prison's regular mail delivery service (Plaintiff is not entitled to choose among delivery options). Plaintiff is not entitled to bypass the prison's e-filing system, copy service, or regular mail delivery system based on his fears that he will not receive his filing back or for other reasons. Rather, he may choose to prepare his own handwritten copy of an intended filing before handing

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

the intended filing to IDOC officials, and he should keep that handwritten copy in his cell if he fears that his original will not be returned to him. His similar interlocutory requests have been denied in other actions. *See* Case No. 1:22-CV-000052-DCN, Dkt. 43 (Memorandum Decision of the United States Court of Appeals for the Ninth Circuit denying Williams' Motion to Establish Protocols for E-Filing) and Dkt. 25, Initial Review Order by Screening Judge).

3. If Plaintiff intends to pursue claims dating back up to six years, must file two separate amended complaints, together with a motion to review the amended complaints, within **30 days** after entry of this Order.

4. Plaintiff's request for appointment of counsel (Dkt. 12) is DENIED without prejudice, but will be reconsidered by the Court after it has had an opportunity to review Defendants' filings in this action.

5. Plaintiff's Second Application for Leave to Proceed in Forma Pauperis (Dkt. 10) is STRICKEN.

DATED: December 1, 2022

B. Lynn Winmill
U.S. District Court Judge